## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| BRIDGES EQUIPMENT, LTD, | § | REMOVED FROM |
| | § | CAUSE NO. C-18-05-0552-CV |
| | § | 244TH JUDICIAL DISTRICT |
| | § | ECTOR COUNTY |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| BERKLEY REGIONAL | § | |
| INSURANCE COMPANY, | § | |
| *Defendant.* | § | JURY |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant Berkley Regional Insurance Company, who, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, hereby removes to this Court the civil action now pending in the 244th Judicial District Court in Ector County, Texas, entitled "In re: Policy of Insurance NO. EFP 3121107-12 by and between Berkley Regional Insurance Company, Insurer and Bridges Equipment, Ltd., Insured," Cause No. C-18-05-0552-CV, on the following grounds:

## I.     PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.     Plaintiff Bridges Equipment, Ltd. ("Bridges") filed an application to appoint umpire against Defendant Berkley Regional Insurance Company ("Berkley") in Ector County, Texas on May 22, 2018. The District Clerk of Ector

County gave this case cause number C-18-05-0552-CV and assigned the case to the 244th Judicial District.  (Pl.'s App., Ex. A-1)

2.      Berkley has not yet been served with citation or any pleadings in this case. Instead, Bridges obtained an ex parte order appointing an appraiser two days after filing its application.

3.      This notice of removal is being filed within 30 days of the date on which Berkley received a copy of this petition through service or otherwise, and has been filed within one year of commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.      FACTUAL BACKGROUND

4.      This case involves a dispute regarding the amount of damages in an insurance claim filed with Berkley by Bridges. Bridges demanded appraisal of the claim pursuant to the insurance policy at issue.

5.      Before the appraisers had a chance to properly confer as the policy requires, Bridges filed an application asking the state court to appoint an umpire in an appraisal between Bridges and Berkley.

6.      On May 24, 2018, the trial court granted an ex parte order naming an appraiser proposed by Bridges.

### III.   BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

**A.   The requirements for diversity removal jurisdiction.**

7.     To establish diversity removal jurisdiction, Berkley must show that: (1) complete diversity exists between all the properly joined parties; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) removal is timely.

**B.   Berkley satisfies all three requirements for diversity removal.**

### 1.   Complete diversity exists between the parties.

8.     Complete diversity exists between Plaintiff and Berkley. Plaintiff Bridges Equipment, Ltd. is a Texas partnership. (Ex. C)

9.     Because Bridges Equipment, Ltd. is a partnership, for purposes of diversity jurisdiction, it is considered a resident of the state in which its partners are located.

10.     Bridges Equipment, Ltd. has one general partner, Bridges Holdings, Inc. Bridges Holdings, Inc., is a Texas corporation (Ex. D)

11.     Therefore, Bridges Equipment, Ltd., is a Texas resident.

12.     Berkley is organized under the laws of the State of Delaware and maintains its principal place of business in the State of Iowa. (Ex. B)

13.     Because Plaintiff is a Texas resident and Berkley is a resident of both Delaware and Iowa, complete diversity exists between the parties.

**2.      The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs.**

14.      Bridges does not allege an amount in controversy in its Application; however, Bridges' damages estimate sent to Berkley seeks damages of $2,089,324.75. (Ex. E). It is evident that Bridges seeks an amount in excess of $75,000.00, excluding interest and costs, in this dispute.  As such the statutory requirement for the amount in controversy in this case is satisfied. *See* 28 U.S.C. § 1332(a).

**3.      This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).**

15.      As noted above, this notice of removal is being filed within 30 days of the date on which Berkley received a copy of this petition through service or otherwise, and has been filed within one year of commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

**IV.      BERKLEY HAS SATISFIED PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL**

16.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446 because there is diversity of citizenship between the parties, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the removal is timely filed.

17.     As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 144th District Court of Ector County, Texas are attached collectively as Exhibit A. (*See* Ex. F, Index)

18.     Ector County, Texas is located within the Western District of Texas, Midland/Odessa Division. Venue for this action is proper in this Court because the Western District of Texas, Midland/Odessa Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) & 1446(a).

19.     Immediately upon filing this Notice of Removal, written notice of the filing of this Notice will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

20.     Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice with the Ector County District Clerk's office as required by 28 U.S.C. § 1446(d).

21.     This Notice is signed by Berkley's counsel pursuant to Fed. R. Civ. P. 11, as indicated by the "/s/ Andrew C. Nelson" on the signature block below.

## V.     <u>CONCLUSION</u>

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, Defendant Berkley Regional Insurance Company gives notice that the matter bearing

Cause No. C-18-05-0552-CV in the 244th Judicial District of Ector County, Texas is removed to the United States District Court for the Western District of Texas, Midland/Odessa Division. Berkley requests that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

*/s/ Andrew C. Nelson*
ANDREW C. NELSON
Attorney-in-Charge
State Bar No. 24074801
Thomas C. Wright
State Bar No. 22059400
Elizabeth H. Rivers
State Bar No. 24052020
WRIGHT CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas  77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
nelson@wrightclosebarger.com
wright@wrightclosebarger.com
rivers@wrightclosebarger.com

**ATTORNEYS FOR DEFENDANT,
BERKLEY REGIONAL INSURANCE
COMPANY**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case on June 14, 2018 electronically through the electronic filing manager and also by certified mail, return receipt requested.


*/s/ Andrew C. Nelson*
Andrew C. Nelson